# United States Bankruptcy Court
# For the Western District of Michigan

### Northern Division

In re:

**B&P Baird Holdings, Inc.,**

Debtor.

_____/

Docket No. 10-10941
Chapter 7
Hon. Scott W. Dales

### Objection of Debtor to Claim No. 5 of Izzo Golf, LLC

B&P Baird, Inc. ("Debtor"), through its attorneys the Witte Law Offices, states its objection to Claim No. 5 of Izzo Golf, LLC pursuant to 11 U.S.C. § 502(b) as follows:

1.      On or about March 14, 2011, Izzo Golf, LLC ("Izzo") filed a proof of claim in the amount of $12,052,367.08.  A copy of the proof of claim with exhibits is attached as Exhibit A (the "Izzo Claim").

2.      The Izzo Claim asserts that Izzo is entitled to this amount based upon a willful patent infringement.

3.      In support of its claim, Izzo attached an order of judgment from the United States District Court for the Western District of New York (the "New York Case") and two motions that Izzo filed subsequently to the entry of the New York judgment.  A copy of the docket of the New York Case is attached as Exhibit B.

4.      The New York district court has not yet ruled on the motions filed by Izzo, and the time for filing a response has not yet expired because this bankruptcy was filed before the time any response to those motions was due in the New York Case.

5.      Prior to the filing of this bankruptcy case, Debtor also filed two motions in the New York Case, one for a judgment not withstanding the verdict in that case, and one for a new trial, at-

Norman C. Witte Law Office · 119 E. Kalamazoo Street · Lansing, Michigan 48933-2111 · (517) 485-0070 · Facsimile (517) 485-0187

tached respectively as Exhibits C and D.  Those motions are incorporated by reference as though fully restated.

6.      The judgment in the New York Case is not a final judgment.

7.      Because the judgment in the New York Case is not a final judgment, it is not entitled to preclusive effect.

8.      Debtor disputes that it infringed upon any patent owned by Izzo.

9.      Assuming *arguendo* that Debtor had infringed upon any patent of Izzo's, Debtor affirmatively states that any such infringement was not willful.

10.     Debtor objects to the Izzo Claim on the bases set forth in this motion and in the attached motions filed by Debtor in the New York district court litigation, among other bases.

11.     The schedules show that this is a surplus estate.  Disallowance of the Izzo Claim would increase the surplus in the estate.

12.     In such an event, the Debtor would be entitled to a distribution in this case pursuant to 11 U.S.C. § 726(a)(6).

13.     Accordingly, the Debtor has standing to bring this objection.

WHEREFORE, Debtor requests that the Izzo Claim be disallowed in its entirety.

Respectfully submitted,

**B&P BAIRD HOLDINGS, LLC**

Dated:  September 16, 2011

/s/ Norman C. Witte
Norman C. Witte (P40546)
WITTE LAW OFFICES
Attorneys for B&P Baird Holdings, LLC
119 E. Kalamazoo Street
Lansing, Michigan  48933-2111
(517) 485-0070
Facsimile (517) 485-0187