# Exhibit A

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT Western District of Michigan | PROOF OF CLAIM |
|---|---|
| Name of Debtor: B & P Baird Holdings, Inc. | Case Number: 10-10941 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Izzo Golf, Inc.  f/k/a Dancorp Investors, Inc.

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Izzo Golf, Inc.
c/o Neal L. Silfkin
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534-4596

Court Claim Number: _____
(*If known*)

Telephone number: (585) 419-8636

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**  $12,052,367.08

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Willful patent infringement
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 3/14/2011

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Wm Paul Slough, Attorney

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

040875

12607040915023

## STATEMENT OF CLAIM

Trebled damages:            $  9,859,429.95 (see Docket No. 182 attached hereto)
Pre-judgment interest:      $  1,751,101.14 (see Docket No. 182 attached hereto)
Requested attorney fees/costs:$   441,835.99 (see Docket No. 176 attached hereto)

**TOTAL:    $12,052,367.08**

## SUMMARY OF DOCUMENTATION SUPPORTING CLAIM

This claim is the result of willful patent infringement as identified in the civil action pending in the Western District of New York entitled "Izzo Golf, Inc. f/k/a Dancorp Investors, Inc. vs. King Par Golf Incorporated, d/b/a Knight Golf Company," Civil Action No. 02-cv-6012 (CJS). The pleadings from that case attached hereto provide an overview of the evidence supporting this claim and amounts due. However, given the voluminous nature of the other underlying documents supporting this claim, additional pleadings and documents can be obtained by contacting counsel below:

Neal Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534
(585) 419-8636

## RESERVATION OF RIGHTS

Claimant reserves its right to file an Amended Proof of Claim and/or Request for Allowance of an Administrative Expense Claim setting forth the amount and classification of its claim, including additional accrued interest and attorneys' fees and costs, and also including those expenses incurred in recovering assets that benefit the estate and/or in prosecuting criminal offenses relating to the case or to the business or property of the Debtor.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

228787 1130950.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IZZO GOLF INC.,
f/k/a Dancorp Investors, Inc.,
                    Plaintiff,

v.

KING PAR GOLF INCORPORATED
d/b/a Knight Golf Company,
                    Defendant.

Civil Action No. 02-CV-6012-CJS(MWP)

## JUDGMENT ON JURY VERDICT

The jury having returned its verdict in this matter on June 18, 2010, the Court hereby enters judgment in favor of Plaintiff Izzo Golf Inc. ("Izzo") and against Defendant King Par Golf Incorporated ("King Par") that:

1. King Par is liable for compensatory damages for the time period from January 2000 through January 8, 2002 in the amount of $897,957.05 and for the time period from January 8, 2002 through 2005 in the amount of $2,388,519.60, for a total of $3,286,476.65.

2. King Par's infringement was willful.

3. The Court reserves jurisdiction over all issues of the present case, including without limitation, enforcement of this judgment. All present orders remain in effect unless otherwise provided by the Court.

4. The parties reserve any rights to bring post-trial motions, including but not limited to motions concerning pre-judgment and post-judgment interest, and applications pursuant to 35 U.S.C. §§284 and 285.

JUDGMENT IS ENTERED.

Dated: July 7, 2010

                                              HON. CHARLES J. SIRAGUSA
                                              United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IZZO GOLF INC.,
f/k/a Dancorp Investors, Inc.,

                              Plaintiff,         Civil Action No. 02-CV-6012CJS(MWP)

v.

KING PAR GOLF INCORPORATED
d/b/a Knight Golf Company,

                              Defendant.
_____

## PLAINTIFF'S NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE**, that upon the Declaration of Paul J. Yesawich, III, sworn to July 2, 2010, with attached exhibits (the "Yesawich Declaration"), the Declaration of Laura W. Smalley, with attached exhibits (the "Smalley Declaration"), and the accompanying Memorandum of Law, Plaintiff Izzo Golf, Inc. ("Izzo") will move this Court, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 35 U.S.C. § 285, for an Order:

1. Finding this case "exceptional" within the meaning of 35 U.S.C. § 285;

2. Awarding Izzo $441,835.99 in fees and expenses pursuant to 35 U.S.C. § 285; and

3. Granting Izzo such other and further relief as may be just and proper.

This motion is based on the pleadings and papers filed in this action, the Yesawich and Smalley Declarations and attached exhibits, the accompanying Memorandum of Law, and the evidence and arguments presented at the trial in this matter. This motion is returnable before the Hon. Charles Siragusa at a date and time to be set by the Court, at the United States Courthouse, 100 State Street, Rochester, New York.

Case: 10-10941-swd    Doc #: 45-11    Filed: 03/16/11    Page 7 of 17

Case 6:02-cv-06012-CJS-MWP    Document 176    Filed 07/02/2010    Page 2 of 2

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Rule 7.3, oral argument is requested.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Rule 7.1(c), Izzo intends to file and serve reply papers. Defendant is therefore required to file and serve opposing papers at least eight days prior to the return date.

Dated: July 2, 2010

        HARRIS BEACH PLLC

        *s/Paul J. Yesawich, III*
        Paul J. Yesawich, III
        Neal L. Slifkin
        Laura W. Smalley
        *Attorneys for Plaintiff*
        99 Garnsey Road
        Pittsford, New York  14534
        Telephone: 585-419-8800
        Fax: 585-419-8813
        *pyesawich@harrisbeach.com*
        *nslifkin@harrisbeach.com*
        *lsmalley@harrisbeach.com*

TO:   NIXON PEABODY LLP
       Andrew P. Zappia, Esq.
       Kristen Mollnow Walsh, Esq.
       1300 Clinton Square
       Rochester, New York  14603
       Telephone: 585-263-1000
       *azappia@nixonpeabody.com*
       *kwalsh@nixonpeabody.com*

       YOUNG BASILE
       Marshall G. MacFarlane, Esq.
       301 East Liberty Street, Suite 680
       Ann Arbor, Michigan  48104
       Telephone: 734-662-0270
       *macfarlane@youngbasile.com*

       *Attorneys for Defendant*

188272 1408245.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IZZO GOLF INC.,
f/k/a Dancorp Investors, Inc.,

        Plaintiff,   Civil Action No. 02-CV-6012CJS(MWP)

 v.

KING PAR GOLF INCORPORATED
d/b/a Knight Golf Company,

        Defendant.
_____

### DECLARATION OF PAUL J. YESAWICH, III IN SUPPORT OF IZZO GOLF INC.'S POST-TRIAL MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

  I, PAUL J. YESAWICH, III, under penalty of perjury, declare as follows:

  1. I am a member of Harris Beach PLLC and I am one of the attorneys for the Plaintiff Izzo Golf Inc. ("Izzo") in this action. I submit this Declaration in support of Izzo's motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 35 U.S.C. § 285.

  2. Harris Beach has represented Izzo in this action since it was commenced in January 2002. On or about July 5, 2007, this Court granted Izzo summary judgment finding that the defendant's "old-style" bags infringed U.S. Patent No. 5,042,704 (the "'704 Patent"), and on June 18, 2010, a jury in this action concluded that Izzo was damaged in the approximate amount of $3.3 million dollars and that defendant ("King Par") willfully infringed the '704 Patent.

  3. As set forth in the accompanying memorandum of law, Izzo is entitled to recover attorneys' fees and expenses incurred in this action.

  4. Legal services have been rendered by Harris Beach to Izzo during the following period: January, 2002, to July 1, 2010.

5.  The total amount requested for attorneys' fees provided by Harris Beach through May 31, 2010 is $394,690.41, plus $47,145.58 for reimbursement of expenses, for a total of $441,835.99. This sum represents one half (1/2) of the attorneys' fees incurred from January 2002 through July 5, 2007 when this Court rendered its decision on Izzo's motion for summary judgment (i.e., one half of $314,256.50, or $157,128.25), as Izzo does not seek to recover the approximate amount it paid for fees relating to the litigation associated with the "new style" bags, which this court found did not infringe the Izzo patent. The amount sought does include all attorneys' fees incurred after this Court rendered its decision on Izzo's motion for summary judgment on July 5, 2007 through May 31, 2010 (i.e., $237,562.16), as these fees relate only to establishing damages associated with the "old style" infringing bags. It also includes all expenses incurred by Harris Beach in connection with this action, excepting expert witness fees, billed to Izzo through May 31, 2010 (i.e., $47,158.58).

6.  The total amount requested does not include fees and expenses incurred or billed by Harris Beach after May 31, 2010. Thus, it does not include fees and expenses incurred during the trial on damages or in connection with post-trial motions. Izzo reserves the right to supplement this motion with such fees when they are finalized.

7.  Harris Beach attorneys and staff record on a daily basis the time spent working for clients during the day. These records include both the amount of time devoted to each matter — recorded in tenths of an hour (6 minutes) — and a description of the work performed. Attorneys and staff are instructed to record time promptly. Time entries are entered into the firm's computerized client accounting system, which then generates invoices.

8.  Exhibit A to this Declaration is a print-out of the time entries related to this action, billed through May 31, 2010, that are recorded in Harris Beach's computerized client

accounting system. Some entries have been redacted because of the privileged nature of the activities and communications described; however, unredacted copies of these time entries are available for in camera inspection if necessary.

  9.  The total time spent on this matter by members or employees of this firm through July 5, 2007, when this Court rendered its decision on Izzo's motion for summary judgment, is as follows:

- Neal Slifkin (member) — 431 hours at an average $282.01/hr., totaling $121,545;

- Laura Smalley (member) — 273.3 hours at an average $232.11/hr., totaling $63,437;

- Paul J. Yesawich, III (member) — 160.3 hours at an average $351.80/hr., totaling $56,393.50;

- David Edwards (member) — 43.9 hours at an average $206.46/hr., totaling $9,063.50;

- Chris Jagel (member) — 0.4 hours at an average $295/hr., totaling $118;

- Laura Accurso (associate) — 270.07 hours at an average $148.27/hr., totaling $40,042;

- John Refermat (associate) — 36.6 hours at an average $165.87/hr., totaling $6,071;

- Bryan Smith (associate) —13.5 hours at an average $140/hr., totaling $1,890;

- Jeffrey Kuhn (associate) — 9 hours at an average $130/hr., totaling $1,170;

- Suzanne Dissinger (associate) — 5.7 hours at an average $140/hr., totaling $798;

- Marie Bray (paralegal) — 78.9 hours at an average $66.01/hr., totaling $5,208.50;

- Teresa Burns (paralegal) — 9.5 hours at an average $90/hr., totaling $855;

- Amy Steidle (paralegal) — 2.5 hours at an average $65/hr., totaling $162.50;

- Marilyn Tillman (intellectual property clerk) — 0.2 hours at an average $60/hr., totaling $12;

- Cyndi Trembley (librarian) — 13.5 hours at an average $150/hr., totaling $2,025;

- Joan Pedzich (librarian) — 12.1 hours at an average $154.55/hr., totaling $1,870;

- Marie Calvaruso (librarian) — 1.6 hours at an average $150/hr., totaling $240;

- Nelida Ruiz (staff) — 22.7 hours at an average $123.33/hr., totaling $2,799.50;

- Carol Maslanka (administrative assistant) — 1.6 hours at an average $35/hr., totaling $56

- IT Consulting — 4 hours at $125/hr., totaling $500.

10.     The total time spent on this matter by members or employees of this firm after July 5, 2007, when this Court rendered its decision on Izzo's motion for summary judgment, excluding fees billed by Harris Beach after May, 31, 2010, is as follows:

- Neal Slifkin (member) — 202.6 hours at an average $330.79/hr., totaling $67,018.46;

- Laura Smalley (member) — 160.3 hours at an average $283.28/hr., totaling $45,410.30;

- Paul J. Yesawich, III (member) — 55.1 hours at an average $372.57/hr., totaling $20,528.78;

- Kevin Tompsett (member) — 0.7 hours at an average $250.84/hr., totaling $175.59;

- David Tang (associate) — 99.5 hours at an average $222.47/hr., totaling $22,135.32;

- Steven Nonkes (associate) — 67.5 hours at an average $138.65/hr., totaling $9,358.70;

- Bryan Smith (associate) — 50.7 hours at an average $180.74/hr., totaling $9,163.50;

- Robert Bowes, III (associate) — 47.6 hours at an average $188.81/hr., totaling $8,987.25;

- Jacia Smith (associate) — 8 hours at an average $120/hr., totaling $960;

- Marie Bray (paralegal) — 433.1 hours at an average $112.37/hr., totaling $48,667.73;

- Kristen West (paralegal) — 10.1 hours at an average $107.35/hr., totaling $1,084.19;

- Mary DiPaolo (legal assistant) — 0.8 hours at an average $80/hr., totaling $64;

- Cyndi Trembley (librarian) — 4.4 hours at an average $157.34/hr., totaling $692.29;

- Joan Pedzich (librarian) — 3.7 hours at an average $184.32/hr., totaling $682;

- Christine Bowersox (library clerk) — 0.6 hours at an average $75/hr., totaling $45;

- Courtney Fay (IT support) — 12.8 hours at an average $115.37/hr., totaling $1,476.69;

- Elena Dowd (IT support) — 4.1 hours at an average $75/hr., totaling $307.50;

- Morgan Martins (IT support) — 3.2 hours at an average $95/hr., totaling $304;

- Yonathan Zloczewski (IT support) — 1.7 hours at an average $114.02/hr., totaling $193.83;

- Robert Fiero (IT support) — 1.5 hours at an average $114.02/hr., totaling $171.03;

- Christopher McConnell (IT support) — 0.8 hours at an average $125/hr., totaling $100;

- Christopher Reddy (IT support) — 0.3 hours at an average $120/hr., totaling $36.

11. The expenses in the sum of $47,145.58 do not include expert witness fees.

12. Exhibit B to this Declaration is a summary of the expenses incurred in connection with this action.

13. It is the practice of Harris Beach to bill its clients separately for the types of expenses listed in Exhibit B and, in fact, these expense items were separately listed on the various invoices submitted to Izzo.

14. The method or basis by which the requested compensation was determined is by hourly rate. I believe that the hourly rates charged by Izzo are reasonable, given counsel's

experience in patent litigation matters (*see* www.harrisbeach.com). We generally utilized patent attorneys to handle the Markman and claim construction issues, among other things, and associates to perform legal research on other discrete issues, as well for discovery. Certain services, such as IT services, were incurred in preparing and displaying technical presentations to the Court.

15. The total amount requested by Izzo for attorneys' fees and expenses is $441,835.99.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 2nd of July, 2010.

*s/Paul J. Yesawich, III*<br>PAUL J. YESAWICH, III

188272 1408083.4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IZZO GOLF INC.,
f/k/a Dancorp Investors, Inc.,

                              Plaintiff,        Civil Action No. 02-CV-6012CJS(MWP)

    v.

KING PAR GOLF INCORPORATED
d/b/a Knight Golf Company,

                              Defendant.
_____

### PLAINTIFF'S NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE,** that upon the Declaration of Paul J. Yesawich, III, sworn to August 5, 2010, with attached exhibits (the "Yesawich Declaration"), the Declaration of James Kar (the "Kar Declaration"), sworn to August 4, 2010, the Declaration of Neal L. Slifkin, sworn to August 5, 2010, with attached exhibits (the "Slifkin Declaration"), the Declaration of Frank W. Monfalcone, sworn to August 5, 2010 (the "Monfalcone Declaration"), and the accompanying Memorandum of Law, Plaintiff Izzo Golf, Inc. ("Izzo") will move this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and 35 U.S.C. § 284 and 28 U.S.C. § 1961(a), for an Order:

    1.    Enhancing the damages awarded to Izzo by the Jury and awarding Izzo $9,859,429.95 in damages pursuant to 35 U.S.C. § 284;

    2.    Awarding Izzo $1,751,101.14 in pre-judgment interest pursuant to 35 U.S.C. § 284;

    3.    Directing Defendant to pay post-judgment interest as required by 28 U.S.C. § 1961; and

      4.    Granting Izzo such other and further relief as may be just and proper.

This motion is based on the pleadings and papers filed in this action, the Yesawich, Kar, Slifkin, and Monfalcone Declarations and attached exhibits, the accompanying Memorandum of Law, and the evidence and arguments presented at the trial in this matter. This motion is returnable before the Hon. Charles Siragusa on December 9, 2010, the date and time set by the Court by Letter Order entered on July 27, 2010, at the United States Courthouse, 100 State Street, Rochester, New York.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Rule 7.3, oral argument is requested.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Rule 7.1(c), Izzo intends to file and serve reply papers and will do so on October 15, 2010 as provided in the July 27, 2010 Letter Order.

Dated: August 5, 2010

                                          HARRIS BEACH PLLC

                                          *s/Neal L. Slifkin*
                                          Paul J. Yesawich, III
                                          Neal L. Slifkin
                                          Laura W. Smalley
                                          *Attorneys for Plaintiff*
                                          99 Garnsey Road
                                          Pittsford, New York 14534
                                          Telephone: 585-419-8800
                                          Fax: 585-419-8813
                                          *pyesawich@harrisbeach.com*
                                          *nslifkin@harrisbeach.com*
                                          *lsmalley@harrisbeach.com*

TO:    NIXON PEABODY LLP
         Andrew P. Zappia, Esq.
         Kristen Mollnow Walsh, Esq.
         1300 Clinton Square
         Rochester, New York 14603

Telephone: 585-263-1000
*azappia@nixonpeabody.com*
*kwalsh@nixonpeabody.com*

YOUNG BASILE
Marshall G. MacFarlane, Esq.
301 East Liberty Street, Suite 680
Ann Arbor, Michigan 48104
Telephone: 734-662-0270
*macfarlane@youngbasile.com*

*Attorneys for Defendant*

188272 1426943.3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IZZO GOLF INC.,
f/k/a Dancorp Investors, Inc.,

                    Plaintiff,    Civil Action No. 02-CV-6012CJS(MWP)

v.

KING PAR GOLF INCORPORATED
d/b/a Knight Golf Company,

                    Defendant.

---

### DECLARATION OF PAUL J. YESAWICH IN SUPPORT OF IZZO GOLF INC.'S POST-TRIAL MOTION FOR AN AWARD OF ENHANCED DAMAGES AND INTEREST

I, PAUL J. YESAWICH, under penalty of perjury, declare as follows:

1. I am a member of Harris Beach PLLC, attorneys for Plaintiff Izzo Golf Inc. ("Izzo") in this action. I make this Declaration in support of Izzo's motion to amend the judgment to include enhanced damages, pre-judgment interest, and post-judgment interest.

2. An uncorrected copy of the trial testimony of Mr. William Baird, taken on June 14, 2010 and June 15, 2010, is attached as Exhibit "A".

3. An uncorrected excerpt of the trial transcript containing the deposition testimony of Mr. John Biafore, which was read into the record at trial on June 15, 2010, is attached as Exhibit "B".

I declare under penalty of perjury that the foregoing is true and correct

Executed this 5th of August, 2010.

                                        *s/Paul J. Yesawich*
                                        PAUL J. YESAWICH

188272 1426713.2