UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

IN RE:          B & P BAIRD HOLDINGS, INC.,          Case No. 10 - 10941 - jrh
                                                     Hon. Jeffery R. Hughes
                Debtor.
_____/

**TRUSTEE'S MOTION FOR SALE OF ASSETS**

James W. Boyd, the duly appointed Chapter 7 bankruptcy trustee in this matter, states as follows:

1.  On September 8, 2010, the Debtor, B&P Baird Holdings, Inc., filed a voluntary petition with this Court for relief under Chapter 7 of the United States Bankruptcy Code.

2.  James W. Boyd ("Trustee") was appointed and continues to serve as the Chapter 7 Trustee in this case.

3.  The Trustee has received an offer from the Premier Retail, Inc. in the amount of $50,000, for all of the Estate's claims, rights, and interests in (a) litigation between Izzo Golf, Inc. and the Debtor, such litigation being styled as Izzo Golf, Inc. f/k/a Dancorp Investors Inc. v. King Par Golf Incorporated d/b/a Knight Golf Company, Civil Action No. 02-cv-6012 (CJS), which was pending in the United States District Court for the Western District of New York at the time of the filing of the within bankruptcy case.  The Defendant in such litigation, King Par Golf Incorporated, has changed its name to B&P Baird Holdings, Inc., and is the Debtor in this bankruptcy case; and (b) any such interest in claims the Estate and/or the Debtor may have against any party, including without limitation William and Pamela Baird, to pierce the Debtor's corporate veil (the "Alter Ego Claim").  The Trustee and he intends to sell and assign all of the bankruptcy estate's rights, title and interest in the WDNY Claims and the Alter Ego Claim to Premier Retail for that amount, pursuant

to and on the terms provided in the "AGREEMENT FOR THE PURCHASE AND SALE OF CERTAIN OF THE DEBTOR'S ASSETS" attached hereto as **Exhibit A**.

4. Upon completion of the sale, the bankruptcy estate's interest will be conveyed by Assignment to the buyer.

5. The property shall be sold "AS IS, WHERE IS," without representation or warranty, expressed or implied, of any kind, nature or description, including, without limitation, any warranty of title or of merchantability, useability, or of fitness for any particular purpose.

6. This sale shall be conducted pursuant to Section 363 of the Bankruptcy Code, and the property shall be sold free and clear of all interests, liens and encumbrances. To the extent that any such interests, liens or encumbrances exist, the same shall attach to the proceeds of the sale in their present order, rank, and priority.

7. As provided in the attached purchase agreement, the Trustee requests that the Court also consider higher and better offers on substantially the same terms as provided in said agreement.

8. Any person requiring further information, or any person who wishes to offer a higher bid may contact Jonathan R. Moothart, Esq., attorney for Chapter 7 Trustee James W. Boyd, at (231) 947-8048.

The Trustee requests of this Court as follows:

a. To approve the *Trustee's Motion to Sell Assets*;

b. To rule that the property to be sold is saleable and transferable property of the estate, and to enumerate the interests transferred; and

c. To provide such other relief as is just and equitable.

Dated: January 15, 2014    MOOTHART & SARAFA, PLC

By: /s/ Jonathan R. Moothart
    Jonathan R. Moothart (P40678)
    Attorney for Chapter 7 Trustee
    James W. Boyd
    P.O. Box 243
    9815 Miami Beach Rd.
    Williamsburg, MI 49690
    (231) 947-8048

1-011514-new-Boyd
James\B&P Baird Holdings\Izzo WDNY sale\mot2sell_02

3